IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL CHERISE HAMLIN, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 11-0994 |
| | Judge Mark R. Hornak |
| WRITERS GUILD OF AMERICA WEST and WRITERS GUILD OF AMERICA EAST, | Chief Magistrate Judge Lisa Pupo Lenihan |
| Defendants. | |

## **REPORT AND RECOMMENDATION**

### I. RECOMMENDATION

It is respectfully recommended that Plaintiff's Complaint, which was commenced *in forma pauperis*, be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B), as both frivolous and for failure to state a claim upon which relief may be granted.

### REPORT

Plaintiff, proceeding *pro se*, filed this action alleging violations of 42 U.S.C. §1983 and various state criminal and civil statutes, and is seeking monetary damages and injunctive relief.

#### A. **Legal Standards**

The court must liberally construe the factual allegations of Plaintiff's Complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation omitted); Haines v. Kerner, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veterans Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)).

This Court must review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Although Plaintiff does not appear to be incarcerated, the amendments to the PLRA codified as 28 U.S.C. §1915 apply to non-prisoners who have been granted *in forma pauperis* ("IFP") status. See Powell v. Hoover, 956 F. Supp. 564, 566 (M.D.Pa. 1997) (holding that federal *in forma pauperis* statute is not limited to prisoner suits); Floyd v. United States Postal Serv., 105 F.3d 274, 276 (6th Cir. 1997) (holding that non-prisoners have the option to proceed *in forma pauperis*), superseded on other grounds by Callahan v. Schenider, 178 F.3d 800 (6th Cir. 1997). Pursuant to 28 U.S.C. §1915(a), Plaintiff is eligible for and has been granted leave to proceed *in forma pauperis*. Thus her allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §1915(e).

Pertinent to the case at bar is authority granted to federal courts for the *sua sponte* dismissal of claims in IFP proceedings. Specifically, Section 1915(e), as amended, requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hawkins v. Coleman

2

Hall, C.C.F., No. 11-3467, 2011 WL 5970977, at *2 (3d Cir. Nov. 30, 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact.") (citing Neitzke, supra). Thus, under §1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" O'Neal v. Remus, No. 09-14661, 2010 WL 1463011, at *1 (E.D.Mich. Mar. 17, 2010) (quoting Price v. Heyrman, No. 06-C-632, 2007 WL 188971, at *1 (E.D.Wis. Jan. 22, 2007) (citing Neitzke, 490 U.S. at 327)).

A complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6)[1] if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). "To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and § 1915(d) both counsel dismissal." Neitzke, 490 U.S. at 328 (footnote omitted).

---

1. In reviewing complaints under 28 U.S.C. § 1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). D'Agostino v. CECOM RDEC, 436 F. App'x 70, 72 (3d Cir. 2011) (citing Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)).

B. **Plaintiff's Claim**

In the complaint, Plaintiff alleges that she was robbed of her writings on several occasions by members of Defendants.[2] Plaintiff also avers that, at age eleven, she was forced by the members of Defendants to sign an agreement, without her parents or attorney present, for which she was to receive royalties of ten percent for her work, but never received any such compensation. Plaintiff alleges that this taking of her property without compensation violates the Fifth Amendment. (Compl., Facts at 2, ECF No. 1-1.)

In addition, Plaintiff contends that the Defendants are corrupt organizations in that they allowed and still allow stolen work to be credited to persons who did not work on the projects she wrote. Plaintiff submits that these acts constitute identity theft, as members of Defendants are pretending to be her by submitting work that she created and wrote. (Compl., Facts at 2-3, ECF No. 1-1.)

Plaintiff further contends that she was stalked, assaulted (sexually and otherwise), and shot, and her vehicle was vandalized by members of Defendants in several locations all over the country, including Pittsburgh, Pennsylvania. (Id.) She avers that her work, which includes scripts, projects, and choreography, was stolen and embezzled from her residence and vehicles. (Compl., Facts at 3, ECF No. 1-1.) She further asserts that members of Defendants illegally removed her children from her care, and the unions are responsible and liable for their members. (Id.)

---

[2] In Exhibit A attached to her Complaint, Plaintiff lists numerous writings and choreography projects in which she claim authorship, which include writings and scripts for motion pictures and television, lyrics/poems, and cartoons. (Ex. A to Compl., ECF No. 2-1.) It appears that Plaintiff allegedly worked on the identified writings at various times from 1994 through 2005 in California, from 1979 through 1980 and 1983 in Gary, Indiana, and from 1986 through 1987 in Pittsburgh, Pennsylvania. (Id.)

In addition to alleging a Section 1983 violation, Plaintiff asserts violations of various state civil and criminal laws, i.e., the California Ralph Civil Rights Act, Civil Code §51.7, the Pennsylvania Human Relations Act, 43 Pa. Stat. Ann. §958 ("PHRA"), and Pennsylvania Corrupt Organizations Act, 18 Pa. Cons. Stat. Ann. §911. (Compl., Jurisdiction at 1-2, ECF No. 1-1.) As relief, she seeks compensation for her stolen work, restraining orders against the alleged assailants, and requests that criminal charges be brought against members of Defendants for theft, extortion and embezzlement. (Compl., Relief at 3-4, ECF No. 1-1.)

### C. Analysis

#### 1. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010). To this end, this Court can only exercise subject matter jurisdiction over "civil actions arising under the Constitution, laws or treaties of the United States," 28 U.S.C. §1331, or civil actions wherein there is diversity of citizenship between parties and the matter in controversy exceeds $75,000.00, 28 U.S.C. §1332. "The burden is on the plaintiff to establish the existence of federal jurisdiction." McCracken v. ConocoPhillips Co., 335 F.App'x 161, 162-163 (3d Cir. 2009) (citing Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993)).

Plaintiff asserts that this Court has subject matter jurisdiction over her claims pursuant to 28 U.S.C. §1331, and cites in support 42 U.S.C. §1983, claiming that she was "deprived of a federal constitutional or statutory right by officers." (Compl., Jurisdiction at 1-2, ECF No. 1-1.)[3]

---

[3] Plaintiff further asserts that she has the "constitutional right to exercise being heard before a Judge," by virtue of her U.S. citizenship. Id. However, because Plaintiff is not claiming she was denied access to the courts, no violation of the First Amendment is implicated here, and therefore, this cannot form the basis of any alleged constitutional deprivation for purposes of Section 1983.

The constitutional right allegedly violated here is the Takings Clause of the Fifth Amendment. Plaintiff also avers that this Court has subject matter jurisdiction based on diversity of citizenship of the parties under 28 U.S.C. §1332 (Compl., Jurisdiction, ECF No. 1-1 at 2.) She alleges that she is a resident of Allegheny County, Pennsylvania. Plaintiff further alleges that Defendant Writers Guild of America, West is located in Los Angeles, California, and Defendant Writers Guild of America, East is located in New York, New York. In addition, Plaintiff is seeking damages in excess of $75, 000.00. Thus, it appears that this Court has subject matter jurisdiction under both 28 U.S.C. §§1331 and 1332.

### 2. Section 1983 Claim

In order to "state claim of liability under §1983 claim, [a plaintiff] must allege that she was deprived of a federal constitutional or statutory right by a state actor." Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005) (citation omitted). With regard to the first requirement, Plaintiff avers that she entered into a royalty agreement with Defendants at age 11 but never received any compensation which, she asserts, violates the Fifth Amendment. Construed liberally, Plaintiff appears to be invoking the Takings Clause of the Fifth Amendment, which provides, "[n]or shall private property be taken for public use, without just compensation." U.S. Const. amend. V. The Takings Clause has been made applicable to the states through the Due Process Clause of the Fourteenth Amendment. Palazzolo v. Rhode Island, 533 U.S. 606, 617 (2001) (citing Chicago, B. & Q. R. Co. v. Chicago, 166 U.S. 226 (1897)). The Supreme Court has further explained:

> As its text makes plain, the Takings Clause "does not prohibit the taking of private property, but instead places a condition on the exercise of that power." In other words, it "is designed not to limit the governmental interference with property rights per se, but rather to secure compensation in the event of otherwise proper

interference amounting to a taking." While scholars have offered various justifications for this regime, we have emphasized its role in "bar[ring] Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." The paradigmatic taking requiring just compensation is a direct government appropriation or physical invasion of private property.

Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 536-37 (2005) (internal citations omitted).

In the case at bar, Plaintiff's Complaint fails to set forth any "direct government appropriation or physical invasion of private property." Rather, all of the conduct underlying Plaintiff's section 1983 claim appears to have been committed by Defendants and its members, none of which is alleged to be an employee or official of the federal government or a state actor.[4] In addition, government confiscation of private property is allowed only where the property is taken for a *public use*. City of Cuyahoga Falls, Ohio v. Buckeye Cmty. Hope Found., 538 U.S. 188, 200 (2003). Plaintiff does not identify in the Complaint any use of her writings that would further a legitimate public interest.[5] Finally, a "'taking within the meaning of the Fifth

---

[4] The court of appeals has delineated activities which give rise to state action:

> State action cases broadly divide into two factual categories. The first category involves an activity that is significantly encouraged by the state or in which the state acts as a joint participant. The second category of cases involves an actor that is controlled by the state, performs a function delegated by the state, or is entwined with government policies or management. Determining state action in this category of cases consists of asking whether the actor is so integrally related to the state that it is fair to impute to the state responsibility for the action.

Leshko, 423 F.3d at 340 (internal citations omitted). Plaintiff has failed to allege any facts that would even remotely suggest that Defendants are state actors under either category.

[5] For example, the Supreme Court has recognized the kinds of particular takings that qualify as public uses under the Takings Clause—e.g., eliminating urban blight, promotion of economic development, regulations that attempt to alleviate a social ill, protecting the health and safety of citizens, highway and public utility projects, and funding mechanism to support legal services for the needy. James L. Buchwalter, Annotation, *Construction and Application of "Public Use" Restriction in Fifth Amendment's Takings Clause—United States Supreme Court Cases*, 10 A.L.R. Fed. 2d 407, at §§2-3 (2006) (citations

Amendment occurs when the *rightful* property, contract or regulatory powers of the government are employed to control rights or property which have not been purchased.'" Hawkins, 2011 WL 5970977, at *2 (quoting Golder v. United States, 15 Cl.Ct. 513, 518 (Cl.Ct.1988)) (emphasis supplied). Here, Plaintiff contends that some of her writings were removed illegally, and that Defendants stole her work and that members of Defendants took credit for it, which she refers to as identity theft. These allegations do not implicate the Takings Clause, as "'[a]n unauthorized or unlawful taking is not compensable under the fifth amendment, but is a claim sounding in tort.'" Id. (quoting Adams v. United States, 20 Cl. Ct. 132, 137 (Cl. Ct. 1990)). Thus, even if Plaintiff could prove that Defendants are state or federal actors, she has failed to show a compensable taking for purposes of the Fifth Amendment. Accordingly, the Court finds Plaintiff's alleged Section 1983 violation lacks an arguable basis in the law, and therefore, is both frivolous and fails to state a claim. Thus, this Court recommends that Plaintiff's Section 1983 claim be dismissed with prejudice.[6]

### 3. State Law Claims

Plaintiff alleges three state law claims in her Complaint--violations of the California Ralph Civil Rights Act of 1976, Civil Code, §51.7 ("Ralph Act"), Pennsylvania Human Relations Act, 43 Pa. Stat. Ann. §958, and the Pennsylvania Corrupt Organizations Act, 18, Pa. Cons. Stat. Ann. §911. Construing the Complaint liberally and in the light most favorable to

---

omitted). Generally, however, taking property solely to transfer it from one private party to another does not constitute a public use under the Takings Clause. Id. at §3.

[6] This Court recognizes that the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint—regardless of whether the plaintiff requests to do so—when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Given that Plaintiff lacks an arguable basis in the law for her Section 1983 claim, it would be futile to allow Plaintiff to amend her Complaint. Therefore, this Court is recommending that the Section 1983 claim be dismissed with prejudice.

Plaintiff, the Court finds that Plaintiff has failed to state plausible claims showing entitlement to relief under any of these state statutes.

Plaintiff has failed to allege facts to show a plausible claim under the Ralph Act. The Ralph Act provides in relevant part:

> All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation, or on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51, or position in a labor dispute, or because another person perceives them to have one or more of those characteristics. The identification in this subdivision of particular bases of discrimination is illustrative rather than restrictive.

Cal. Civ. Code §51.7(a) (West 2006). Plaintiff has failed to identify any acts of violence or intimidation committed against her in California *based on her race, or any other characteristics listed in California Civil Code §51(b) or (e)*, to entitle her to relief. Although she has alleged that she was assaulted by members of Defendants, Plaintiff fails to plead any facts to suggest when the alleged assaults occurred in California and which of the alleged assailants were involved on particular dates. Moreover, because any conduct entitling Plaintiff to relief under the Ralph Act must have occurred when Plaintiff was within the jurisdiction of California, and because Defendant Writers Guild of America, West is allegedly located in California, it is doubtful that venue is proper in this District. See 28 U.S.C. §1391(a) & (b). Therefore, the Court recommends that Plaintiff's claim under the California Ralph Civil Rights Act be dismissed with prejudice as regards refilling in this court, with the caveat that it is without prejudice to her refilling in California state court.[7]

---

[7] If not barred by the applicable statute of limitations, Plaintiff may be able to bring an action for alleged violations of the Ralph Act in California state court.

Plaintiff also fails to allege any facts to show or suggest a plausible claim under the Pennsylvania Human Relations Act, specifically, 43 Pa. Stat. Ann. §958 Educational Program. Section 958 provides in relevant part:

> The [Pennsylvania Human Relations] Commission . . . is authorized to recommend a multicultural educational program, designed for the students of the schools in this Commonwealth and for all other residents thereof, . . . in order to promote cultural understanding and appreciation and to further good will among all persons, without regard to race, color, familial status, religious creed, ancestry, age, sex, national origin, handicap or disability.

Plaintiff's Complaint is completely devoid of any factual allegations suggesting a plausible claim under §958. Nor does Plaintiff explain how Defendants allegedly violated §958. Thus, Plaintiff's PHRA claim lacks any arguable basis in law or fact and thus is frivolous. Accordingly, the Court recommends that Plaintiff's claim under §958 of the PHRA be dismissed with prejudice.

Finally, Plaintiff fails to allege any facts to establish a plausible claim under the Pennsylvania Corrupt Organizations Act, 18 Pa. Cons. Stat. Ann. §911. First, the Corrupt Organization Act does not confer subject matter jurisdiction on federal courts. In addition, the relief sought by Plaintiff—"$100,000 per year for the next 40 years compensation for my work that was removed from my presence that I wrote on notebook paper and in my personal journals and typed in my computer"—is a civil remedy and is not authorized by §911, a criminal statute. Second, the Court lacks the authority to order the other relief sought –"I want the assailants charged and arrested for theft by extortion and embezzlement" (Compl., Relief at 3, ECF No. 1-1.) The power to enforce Section 911 rests exclusively with the Attorney General of Pennsylvania and the District Attorneys of the several counties in Pennsylvania. 18 Pa. Cons. Stat. Ann. §911(e). Moreover, the Court is unable to comply with Plaintiff's requests for an


order directing the filing of criminal charges against the assailants, as such an act would constitute a violation of the separation of powers provisions in the United States Constitution, and would clearly be outside of the scope of a federal court's Article III powers.[8] Accordingly, Plaintiff's claim under the Pennsylvania Corrupt Organizations Act lacks any arguable basis in the law, and therefore, is frivolous. Thus, the Court recommends that it be dismissed with prejudice.

### III. CONCLUSION

It is respectfully recommended that Plaintiff's Complaint, which was commenced *in forma pauperis*, be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B), as both frivolous and for failure to state a claim upon which relief may be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff is allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: December 7th, 2011                          BY THE COURT:

                                                   /s/ Lisa Pupo Lenihan
                                                   _____
                                                   LISA PUPO LENIHAN
                                                   Chief U.S. Magistrate Judge

---

[8] Similarly, this Court lacks the authority to issue restraining orders and protection from abuse (PFA) orders requested by the Plaintiff, as that power rests with the courts of common pleas in the Commonwealth of Pennsylvania. See Pa. R. Civ. P. No. 1901, 42 Pa. Cons. Stat. Ann. (for purposes of the Pennsylvania Protection from Abuse Act, "Court" means the court of common pleas).

cc: April Cherise Hamlin
P.O. Box 334
Pittsburgh, PA 15230-0334